Per Curiam.

What constitutes a use or consumption of equipment directly in the production of tangible personal property for sale by processing has been fully discussed and determined in the cases of TriState Asphalt Corp. v. Glander, Tax Commr., 152 Ohio St., 497, 90 N. E. (2d), 366, and Mead Corp. v. Glander, Tax Commr., 153 Ohio St., 539, 93 N. E. (2d), 19.
The record in the instant case justifies the finding that the principal use of the cranes and equipment in question is to convey the scrap from the cars and trucks, in which it is delivered to appellant’s yard, to processing machinery and bins or piles of classified stock and then back to railroad cars for shipment to steel mills after processing and classification. The cranes and equipment not being principally used in the actual processing but being principally used in moving the material before and after processing, this court is of the opinion that the decision of the Board of Tax Appeals is not unreasonable or unlawful, and it should be and, hereby, is affirmed.

Decision affirmed.

Weygandt, C. J., Middleton, Taft, Hart, Zimmerman and Stewart, JJ., concur.